**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Cannon,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-01261-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff David Cannon's Application for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 15, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 20, "Def.'s Br."), and Plaintiff's Reply (Doc. 23, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 14, R.) and now reverses the Administrative Law Judge's decision (R. at 12–29) as upheld by the Appeals Council (R. at 1–5).

**I.    BACKGROUND**

Plaintiff filed his application for Disability Insurance Benefits on November 28, 2016 for a period of disability beginning on July 14, 2015. (R. at 15.) ALJ Allen G. Erickson initially denied Plaintiff's claim on February 27, 2017 and denied it again upon reconsideration on August 10, 2017. (R. at 15.) On May 21, 2019, the ALJ held a video

hearing and subsequently issued a decision denying Plaintiff's claim on June 5, 2019. (R. at 12, 30.) The Appeals Council then denied Plaintiff's Request for Review of the ALJ's decision on June 4, 2020. (R. at 1.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: obesity, left hip degenerative joint disease, and left shoulder degenerative joint disease as well as the following non-severe impairments: dermatitis, obstructive sleep apnea, sinusitis, high blood pressure, hyperlipidemia, correctable vision loss, umbilical hernia, lower extremity edema, tinnitus, allergic rhinitis, depression, anxiety, alcohol use, diabetes mellitus, periodontal disease, lumbar spine degenerative disk disease and degenerative joint disease, right hip pain, brain ischemia, gastroesophageal reflux disease, and vitamin D deficiency. (R. at 17-18.)

After reviewing the medical evidence and testimony, the ALJ concluded that Plaintiff is not disabled. Specifically, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 20.) The ALJ also determined Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). (R. at 22.) The ALJ found that Plaintiff can perform "light work . . . [he] can occasionally climb ladders, ropes and scaffolds. The claimant can occasionally crawl… and have occasional exposure to vibration and to extreme cold temperatures." (R. at 21.) The ALJ concluded that Plaintiff could perform his past relevant work as an auto service manager, instructor, and trainer. (R. at 24-25.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration. (Pl.'s Br. at 7-12.) First, Plaintiff argues that the ALJ erred by rejecting portions of the opinions of treating physician Dr. Cunningham as well as the state agency doctors. (Pl.'s Br. at 7.) Second, Plaintiff argues that the ALJ erred by improperly rejecting his symptom testimony. (Pl.'s Br. at 9.)

### A. The ALJ Failed to Provide Legally Sufficient Reasons for Rejecting the Doctors' Opinions

Plaintiff argues that the ALJ erred in rejecting the uncontroverted opinions of Dr. Erika Wavak, Dr. Pravin Sampat, and treating physician Dr. Keith Cunningham that Plaintiff could only stand or walk for 4 hours at a time. (Pl.'s Br. at 7-8.) He further argues that the ALJ erred in rejecting Dr. Cunningham's opinion that Plaintiff could not crawl or kneel. (Pl.'s Br. at 8-9.) The Court agrees.

While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Maganalles v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). Here, the ALJ not only rejected the finding of Plaintiff's treating physician, Dr. Cunningham, but also the opinions of Dr. Wavak and Dr. Sampat, the state agency consultant doctors. (R. at 24.) The ALJ rejected their opinions because "the stand/walk limit to 4 hours has not been established in the medical record." In support, the ALJ cited Plaintiff's "mild degenerative arthritic disease in the hip and mild AC joint arthrosis" as well as Plaintiff's testimony that he walked 30 minutes at least 3 times per week and performs chores around the house such as trimming trees, repairs in the garage, cooking meals for his family, and basic cleaning and laundry. (R. at 23-24.) There are multiple problems with the ALJ's analysis. First, the only "medical record" evidence the ALJ cites pertains to Plaintiff's arthritis, which does not conflict with the doctors' findings. Moreover, Plaintiff's testimony regarding his daily activities is not the medical record. And while these daily activities may be evidence that

Plaintiff is not disabled, they do not specifically contradict the finding that Plaintiff can only stand or walk for 4 hours at a time.

The Court further finds that the ALJ erred in rejecting Dr. Cunningham's opinion that Plaintiff cannot kneel or crawl. In this instance, the ALJ did not attempt to explain his reasoning for rejecting the opinion. Instead, he simply concluded that Plaintiff could kneel and did not consider Dr. Cunningham's findings when determining that Plaintiff could perform his past work as an auto service manager. Defendant argues that such error was harmless because the Vocational Expert testified that Plaintiff could perform his other previous jobs as an instructor or technical trainer as well as alternative jobs such as electronics worker assembler and mail sorter, none of which necessitate kneeling or crawling. (R. at 21, 24-25.) The Court disagrees. The ALJ's error is not harmless when combined with his errant disregard of Plaintiff's standing/walking limitation. The ALJ who receives this case on remand should have the opportunity to consider the limitations together.

In sum, the ALJ failed to give clear and convincing reasons to reject the uncontroverted opinion of Plaintiff's treating physician as well as the other medical professionals who opined on the Plaintiff's standing and walking capabilities. Such failure constitutes clear legal error.

**B.     The ALJ Did Not Err Giving Less Weight to Plaintiff's Symptom Testimony.**

Plaintiff argues that the ALJ erred in his consideration of Plaintiff's symptom testimony that he has frequent headaches, dizziness, and nausea that make it difficult for him to walk through the Veterans Affairs Hospital (Pl.'s Br. at 6-7; R. at 21.) The Court disagrees.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged."

*Lingenfelter*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

"In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. Additionally, if the ALJ rejects a Plaintiff's symptom testimony for a single permissible purpose, then the ALJ's errant rejection of the testimony for other additional reasons is harmless. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ found that Plaintiff's testimony satisfied the first step but at the second step, his "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 22.) Plaintiff argues that the ALJ erred by not specifying the portions of Plaintiff's testimony that were inconsistent with the Record (Pl.'s Br. at 11-12.) However, Plaintiff's testimony regarding his nausea, dizziness, and headaches was the only symptom testimony at issue. (Pl.'s Br. at 6-7; R. at 21.) Therefore, it was clear which testimony the ALJ found inconsistent with the Record. The ALJ's explanation that Plaintiff's activities of walking, weightlifting, and yardwork conflicted with his testimony was sufficiently "specific, clear and convincing." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

### C. The Credit-as-True Does Not Apply

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than further proceedings. (Pl's Br. at 12-13.) The credit-as-true rule only applies in cases that raise "rare circumstances" that permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–102 (9th Cir. 2014). These rare circumstances arise when three elements are present. First, the ALJ must fail to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

The Court has reviewed the record in its entirety and agrees with Defendant that uncertainty remains as to whether Plaintiff is disabled under the Act. Plaintiff's daily activities, including walking 30 minutes 3 times per week, lifting weights, and yardwork counsel against applying the credit-as-true rule. (R. at 22.) While the ALJ erred in not considering portions of the doctors' opinions, further administrative proceedings would be useful in light of the conflicting evidence regarding Plaintiff's disability.

For the foregoing reasons, the Court must remand this matter to the ALJ for further development of the record and a disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 4th day of October, 2021.

_____
Honorable John J. Tuchi
United States District Judge